IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TODD M. HEYNE,

Plaintiff,

vs.

KEITH J. REID, MICHELLE LEE, BECKY KIRCHHOFF, and US POSTAL SERVICE,

Defendants.

8:19CV499

**MEMORANDUM AND ORDER**

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff, an employee at the Boys Town post office in Omaha, Nebraska, sues the post office's station manager (Michelle Lee) and postmaster (Becky Kirchhoff), as well as the Omaha postmaster (Keith J. Reid), alleging that these Defendants prohibited him from exercising his First Amendment right to discuss politics and religion in the workplace. He claims that he has been reprimanded numerous times for talking about these subjects; was accused of using government equipment for personal reasons when he prepared a memorandum to the Omaha postmaster about his "rights and law"; and was subjected to intensive personal supervision, during which he was charged with creating a "workplace disturbance" anytime he talked. (Filing 1 at CM/ECF p. 5.) Plaintiff seeks money damages and an order requiring "the US Postal Service, Central Plains District-Omaha, to post President Clinton's executive order dated August 17, 1997, Attorney General's Memorandum (October 17, 2017) outlining the exercise of religious rights thereof." (*Id.* at CM/ECF p. 6.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff seeks to bring *Bivens*[1] claims against the United States Postal Service, postal employees Reid and Lee in their official capacities, and postal employee Kirchhoff in her individual and official capacities. "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2

acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998). The United States Postal Service and postal employees in their official capacities are considered federal agencies against which a *Bivens* action cannot be brought. *F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994); *Buford*, 160 F.3d at 1203 (postal employee's *Bivens* claim against Postmaster General in his official capacity treated as suit against Postal Service and, therefore, could not be prosecuted because *Bivens* actions "cannot be prosecuted against the United States and its agencies because of sovereign immunity"). Accordingly, Plaintiff's claims against Defendants Reid, Lee, and Kirchhoff in their official capacities and against the United States Postal Service fail based on sovereign immunity.

Further, this court lacks subject-matter jurisdiction over Plaintiff's remaining *Bivens* claim against Defendant Kirchhoff in her individual capacity for the reason that federal employees covered by the Civil Service Reform Act ("CSRA")[2] cannot bring employment-related claims in this court because the CSRA is a federal employee's exclusive remedy for resolving employment disputes, and it forecloses judicial review of claims arising from employment disputes under any other statute

---

[2] The Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of Title 5, United States Code), provides a comprehensive statutory scheme which enables federal employees to obtain remedies against federal agencies for prohibited personnel practices. *Turner v. U.S. Dep't of Justice*, No. CIV. 13-376, 2014 WL 4829119, at *4 (D. Minn. Sept. 29, 2014), *aff'd*, 815 F.3d 1108 (8th Cir. 2016) ("The CSRA was enacted in 1978 to comprehensively overhaul the civil service system and to create a new framework for evaluating adverse personnel actions against federal employees. . . . The CSRA constitutes a comprehensive scheme covering federal employees; the CSRA itself provides the exclusive remedies for government employment disputes."). Whether a federal employee is a civil servant under the CSRA depends upon how one is hired and appointed. *Buchholz v. Aldaya*, 210 F.3d 862, 863 (8th Cir. 2000) (citing 5 U.S.C. § 2105(a)(1)(D) and *Krueger v. Lyng*, 927 F.2d 1050, 1054 & n.4 (8th Cir. 1991)). Here, Plaintiff does not claim that he is exempt from coverage under the CSRA.

or provision, including *Bivens*. *Bush v. Lucas*, 462 U.S. 367, 390 (1983) (*Bivens* action was not implied for First Amendment claim given government's comprehensive scheme protecting civil servants against arbitrary action by supervisors); *McIntosh v. Turner*, 861 F.2d 524 (8th Cir. 1988) (employees' *Bivens* action against federal officers for due process violations under Fifth Amendment, arising out of alleged promotion bias, was barred because Congress provided remedy through CSRA); *Bradley v. U.S. Postal Serv.*, 832 F.2d 1061, 1062 (8th Cir. 1987) (recognizing Supreme Court's finding in *Bush v. Lucas* that federal employees may not bring *Bivens* claims for alleged First Amendment violations arising out of employment relationship in light of comprehensive remedies laid out in CSRA); *Bland v. Burwell*, No. 14-0226-CV-W-ODS, 2016 WL 110597, at *4 (W.D. Mo. Jan. 8, 2016) (CSRA prohibited federal employee from bringing *Bivens* claim regarding revocation of security clearance); *Harshaw v. Astrue*, No. 11-CV-1060, 2013 WL 4198057, at *5 (W.D. Ark. Aug. 14, 2013) (dismissing federal employee's First and Fifth Amendment *Bivens* claims stemming from denial of promotion because sole remedy was to petition Office of the Special Counsel under CSRA); *Loos v. Napolitano*, 665 F. Supp. 2d 1054, 1062 (D. Neb. 2009) (plaintiff's state-law claims challenging termination from federal agency were precluded by CSRA because "that Act is the comprehensive and exclusive means by which a federal employee may challenge personnel decisions that come within the scope of the Act, and this court cannot provide alternative remedies beyond what Congress has found sufficient to include in the CSRA"); *Coatney v. U.S. Citizenship & Immigration*, No. 4:07CV3167, 2008 WL 650320, at *7 (D. Neb. Mar. 5, 2008) (where former employee of federal agency alleged wrongful discharge without due process, court found that CRSA's comprehensive remedial scheme preempted *Bivens* remedies).

Therefore, Plaintiff's remaining *Bivens* claim against Defendant Kirchhoff in her individual capacity fails for lack of subject-matter jurisdiction. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (because CSRA was sole remedy for *Bivens* malicious prosecution claim brought against U.S. Postal Service for incident occurring in employment context, district court should have dismissed such claim for lack of subject-matter jurisdiction).

Even if the CSRA did not apply to Plaintiff, the Eighth Circuit Court of Appeals has held that a postal employee was precluded from bringing a *Bivens* action for alleged constitutional torts when the employee had access to the grievance procedures set forth in the Postal Reorganization Act ("PRA"), 39 U.S.C. § 1001-11 & 1201-09, and in a collective bargaining agreement between the employee's union and the United States Postal Service. *Turner v. Holbrook*, 278 F.3d 754, 758 (8th Cir. 2002); *Sisley v. Leyendecker*, 260 F.3d 849, 850 (8th Cir. 2001) (same); *Ramirez v. Postmaster Gen.*, No. 4:04CV3258, 2005 WL 8176038, at *1 (D. Neb. Mar. 11, 2005) (postal employee's First and Fifth Amendment *Bivens* claims against postal officials were precluded by grievance procedures in PRA). Here, Plaintiff does not allege that he is not subject to the PRA or a collective bargaining agreement. Accordingly,

IT IS ORDERED that Plaintiff's Complaint is dismissed with prejudice based on sovereign immunity and lack of subject-matter jurisdiction, and judgment will be entered by separate document.

Dated this 14th day of January, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge